Abraham Slimmer and Lane J. Thomas, trading as Slimmer & Thomas, Plaintiffs in Error, v. Dolliver Savings Bank and Continental & Commercial National Bank of Chicago, Defendants in Error.

### Gen. No. 20,554.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and judgment here with finding of facts. Opinion filed October 6, 1915.

### Statement of the Case.

Attachment suit by Abraham Slimmer and Lane J. Thomas, trading as Slimmer & Thomas, in the Municipal Court against the Dolliver Savings Bank, a nonresident corporation, to recover an alleged indebtedness of $912.50. The Continental and Commercial National Bank of Chicago was served as garnishee, and answered, admitting that the savings bank had $4,384.31 on deposit with the garnishee. It appeared that plaintiffs were mortgagees of certain cattle and that all the cattle of the mortgagor were to be sold by a bank which, together with its cashier, held mortgages on other cattle and property of the mortgagor. The parties agreed to prorate any shortage that might result. After the sale the cashier reported a sale for $15,913.50, and the amount due on the mortgages as

$16,657.33, leaving a shortage of $743.83, not taking into account the expense of the sale. The same statement placed the expense of the sale at $250.43. Later a different statement was rendered, placing the expense of sale at $476.58, and the shortage at $1,253.76, and a draft of $3,592.30 was delivered. Subsequent negotiations followed by letter, and the defendants later offered to pay $119.24 of money collected if they would take an unsold hay press at a fair price and "let it go toward your bill."

This offer was refused and this suit commenced. Upon a trial before the court without a jury, the court found that there was due the plaintiffs from the saving bank the sum of $119.24, and judgment was rendered accordingly. The plaintiffs then sued out this writ of error.

RUDOLPH WOLFNER, for plaintiffs in error.

MAYER, MEYER, AUSTRIAN & PLATT, for defendants in error.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. ACCORD AND SATISFACTION, § 1*—*what constitutes.* To constitute an accord and satisfaction, there must be an honest difference between the parties as to the amount due, and the check or draft must be offered under such circumstances as amount to a condition that it is to be received in full payment of the demand.

, 2. CONTRACTS, § 32*—*when provisions of contract are not binding on party.* Where a mortgagee and a bank agreed to prorate the shortage resulting from a sale of mortgaged cattle, and the bank stated that such shortage was a certain sum, not including the expense of the sale, *held* that the other mortgagee was not liable for an item of expense whereby the bank was to receive a discount or fee for handling papers without recourse, there being no evidence that such mortgagee was party to such an agreement between the bank and the mortgagor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.